IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JENNETTE WESTFALL,

        Plaintiff,        Case No. 3:12-cv-293

vs.        Judge Thomas M. Rose

CAROLYN W. COLVIN,        Chief Magistrate Judge Sharon L. Ovington
Acting Commissioner of Social Security,

        Defendant.

_____

**ENTRY AND ORDER OVERRULING THE COMMISSIONER'S OBJECTIONS (Doc. #14) TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS; ADOPTING THE CHIEF MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #13) IN ITS ENTIRETY; MAKING NO FINDING AS TO WHETHER WESTFALL WAS DISABLED AND REMANDING THIS CASE TO THE COMMISSIONER FOR FURTHER CONSIDERATION CONSISTENT WITH THE REPORT AND RECOMMENDATIONS**
_____

Jennette Westfall ("Westfall") brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the decision of the Defendant Commissioner of Social Security (the "Commissioner") that she is not disabled and, therefore, not entitled to Social Security disability benefits. On July 16, 2013, Chief United States Magistrate Judge Sharon L. Ovington entered a Report and Recommendations (doc. #13) making no finding as to whether Westfall was disabled and remanding this case to the Commissioner for further consideration. The Commissioner subsequently filed Objections (doc. #14) and Westfall responded to the Commissioner's Objections (doc. #15). This matter is, therefore, ripe for decision.

Westfall sought financial assistance from the Social Security Administration by applying

for Disability Insurance Benefits and Supplemental Security Income in March of 2008. Westfall claimed that she had been disabled since August 10, 2006, due to a neck injury and herniated disc.

The Commissioner denied Westfall's application initially and on reconsideration. Administrative Law Judge ("ALJ") Carol Bowen ("Bowen") held a hearing following which she determined that Westfall was not disabled. The Appeals Council denied Westfall's request for review and ALJ Bowen's decision became the Commissioner's final decision. Westfall then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #13) and in the Commissioner's Objections (doc. #14) and Westfall's Response (doc. #15), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing makes no finding as to whether Westfall was disabled and remands this case to the Commissioner for further consideration consistent with the Report and Recommendations.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746(citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ did not fully apply the correct legal criteria. WHEREFORE, the Commissioner's Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the Chief United States Magistrate Judge in its entirety. The Court makes no finding as to whether Westfall was disabled and this case is remanded to the Commissioner for further consideration consistent with the Report and Recommendations. Finally, the captioned cause is hereby ordered terminated

upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-First Day of August, 2013.

.                                       **s/Thomas M. Rose**

                                        _____
                                        JUDGE THOMAS M. ROSE
                                        UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record